1 | Kevin J. Yourman (147159)
2 | Vahn Alexander (167373)
  | WEISS & YOURMAN
  | 10940 Wilshire Boulevard
3 | 24th Floor
  | Los Angeles, CA 90024
4 | Tel: (310) 208-2800
  | Fax: (310) 209-2348
5 |
6 | Joseph H. Weiss
  | WEISS & YOURMAN
  | 551 Fifth Ave., Suite 1600
7 | New York, NY 10176
  | Tel: (212) 682-3025
8 | Fax: (212) 682-3010
9 | *Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MOLHOLT, on Behalf of Himself and all Others Similarly Situated, | CASE NO.: C-03-00180 JSW |
| Plaintiff, | (Old Case No.: C-01-20919 JF) |
| vs. | **CLASS ACTION** |
| LOUDCLOUD, INC., GOLDMAN, SACHS & CO., MORGAN STANLEY & CO. INC., THOMAS WEISEL PARTNERS LLC, EPOCH SECURITIES, INC., ALLEN & COMPANY INC., CIBC WORLD MARKETS CORP., DAIN RAUSCHER INCORPORATED, RAYMOND JAMES & ASSOCIATES, INC., ROBERTSON STEPHENS, INC., WIT SOUNDVIEW CORP., MARC L. ANDREESSEN, BENJAMIN A. HOROWITZ, RODERICK M. SHERWOOD III, WILLIAM V. CAMPBELL, MICHAEL S. OVITZ and ANDREW S. RECHLEFF, | **PLAINTIFFS' UNOPPOSED APPLICATION FOR AN ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND**<br><br>Date:  N/A<br>Time:  N/A<br>Ctrm:  Honorable Jeffrey S. White |
| Defendants. | |

APPLICATION TO DISTRIBUTE NET SETTLEMENT FUND
Case No.: C-03-00180 JSW

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiffs hereby submit this unopposed application (the "Application"), before the Honorable Jeffrey S. White, United States District Court Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, for an Order: (1) authorizing distribution of the net settlement fund; (2) approving the acceptance of specified late claims; (3) approving the payment of fees and expenses to the claims administrator; and (4) approving payment of tax expenses.

This Application is based on the accompanying supporting memorandum of points and authorities and the declarations of Vahn Alexander of Weiss & Yourman and of Michael Rosenbaum of Berdon Claims Administration LLC. A proposed form of order is also submitted concurrently herewith.

DATED: September 1, 2004

Kevin J. Yourman
Vahn Alexander
WEISS & YOURMAN

_____/s/_____
Vahn Alexander

10940 Wilshire Boulevard
24th Floor
Los Angeles, CA 90024
(310) 208-2800

*Lead Counsel for the Settlement Class*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION[1]

This is a securities fraud class action on behalf of all Persons who purchased or otherwise acquired the securities of Loudcloud, Inc. ("Loudcloud" or the "Company") between March 8, 2001 through May 1, 2001, inclusive (the "Settlement Class Period").[2] Among other things, the Litigation alleged violations against Defendants, including the Company and its officers and directors, for violations of §§11, 12(a)(2) and 15 of the Securities Exchange Act of 1933 (the "1933 Act"), and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"). The claims were primarily grounded upon allegations that Defendants disseminated materially misleading public statements during the relevant time period.

The Litigation was settled as to all Defendants by Stipulation filed on or about April 16, 2003. The Stipulation created a fund of $1,200,000 in cash (the "Settlement" or the "Settlement Fund"). The Settlement was approved by the Court by Order and Final Judgment on October 14, 2003. Plaintiffs now seek to distribute to the Settlement Class the Net Settlement Fund, as defined below.

### II. AMOUNTS PREVIOUSLY DEDUCTED FROM THE GROSS SETTLEMENT FUND

By order dated December 23, 2003, the Court approved attorneys' fees of 30 % of the Settlement Fund, in addition to out-of-pocket litigation costs of $99,753.77. The remaining cash portion of the Settlement has been, and remains, invested in interest-bearing accounts

---

[1] This Application incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation") and all terms used herein shall have the same meanings as set forth in the Stipulation.

[2] The "Settlement Class" means: all Persons who purchased or acquired the common stock of Loudcloud, Inc. during the period from March 8, 2001, through May 1, 2001, inclusive. Excluded from the Settlement Class are Defendants, the officers and directors of the Company, the members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a majority equity interest. The Settlement Class shall also exclude those Persons who requested exclusion from the Settlement Class pursuant to the Notice.

since its transfer to the Escrow Agent. After disbursement of court-approved fees and expenses, these accounts currently have a balance of approximately $685,352.

### III. TAXES TO BE DEDUCTED FROM THE NET SETTLEMENT FUND

Under §468B of the Internal Revenue Code, the Net Settlement Fund itself may be responsible for the payment of additional income tax on the income earned by the fund, *i.e.*, income earned subsequent to the deposits into the Settlement Fund. Any tax liability the Net Settlement Fund might have will be calculated immediately prior to distribution (in order to take account of interest as it continues to accrue) and must be deducted from the Net Settlement Fund.

### IV. FEES AND EXPENSES OF THE CLAIMS ADMINISTRATOR TO BE PAID FROM THE NET SETTLEMENT FUND

The claims administrator for the Settlement, Berdon Claims Administration LLC ("Berdon" or the "Claims Administrator"), has an outstanding balance of $56,736.50 in fees and $3,439.54 in expenses, for a total of $60,176.04, in connection with claims administration and the preparation of any tax returns for the Settlement Fund. *See Exhibit G* to the Declaration of Michael Rosenbaum ("Rosenbaum Declaration"), filed herewith.[3]

The fees arise from the Claims Administrator's following responsibilities: (a) the creation of databases; (b) mailing services, printing labels, consolidating files and generating lists of potential Settlement Class Members for the initial mailing; (c) processing claims; (d) conducting bank and broker solicitations for beneficial holders of Loudcloud securities; (e) managing the distribution of Notices to broker, banks and beneficial holders on request; (f) telephone assistance to claimants; (g) calculating the claims for ultimate distribution to Authorized Claimants; and (h) preparing income tax returns. *See, e.g.,* Rosenbaum Declaration.

The Claims Administrator's outstanding expenses arise from its efforts to timely and adequately prepare and provide notice and distribution to the Settlement Class. These out-of-pocket expenses include the costs of printing and mailing, as well as payments to banks,

---

[3] Berdon's total expenses are $48,559.61, of which $45,120.07 has been paid pursuant to the terms of the Stipulation. *See* Rosenbaum Declaration, ¶12.

brokers and nominees for their time and expenses in providing the Claims Administrator with the names of their clients who purchased Loudcloud securities through them. *Id.*

## V.   DISTRIBUTION OF THE NET SETTLEMENT FUND

Plaintiffs respectfully request that the Court authorize the distribution of the Net Settlement Fund -- the Settlement Fund less any further allowance for taxes -- to eligible Settlement Class Members, on a pro rata basis. Moreover, the report of the Claims Administrator (*i.e.,* the "Rosenbaum Declaration" ) chronicles all of the necessary information to effectuate the distribution of the Net Settlement Fund.

For example: (1) *Schedule 1* to the Rosenbaum Declaration includes a summary of the Claims Administration Process as of August 25, 2004. The declaration notes that claim forms were received which included the following: (1) 1,260 properly documented claims (including 57 claims filed late); 26 claims that were either not documented or only partially documented; and 26 ineligible claims (Rosenbaum Declaration, *Schedule 1*); (2) *Exhibit A* to the Rosenbaum Declaration includes copies of: (i) a sample "MISSING DOCUMENTATION LETTER" sent to those claimants who the Claims Administrator has identified as having been deficient for any one of the reasons identified in this sample letter; (ii) a "RELEASE" form; and (iii) a sample "NO INFORMATION LETTER" sent to those claimants who the Claims Administrator had identified as having been deficient for any one of the reasons identified in this sample letter; (3) *Exhibit B* to the Rosenbaum Declaration includes copies of FINAL NOTICE letters which were sent to Settlement Class Members as necessary; (4) *Exhibit C* to the Rosenbaum Declaration is a compilation of "SUMMARY LOSS CALCULATIONS FOR GOOD CLAIMS ONLY." *Exhibit C* identifies a total of 1,260 different claims that have been allowed for a total allowed loss of $9,131,885.74) similarly, *Exhibit D* to the Rosenbaum Declaration is a compilation of "SUMMARY LOSS CALCULATIONS FOR BAD CLAIMS ONLY"; (6) *Exhibit E* is an INELIGIBLE REPORT. This report shows a total of 26 different claims marked as ineligible because each such claim was a duplicate or not within the Settlement Class; and (7) *Exhibit F* to the Rosenbaum Declaration includes a "NOT IN CLASS LETTER SAMPLE" and a "DUPLICATE CLAIM LETTER SAMPLE" which are sample letters sent to those Persons

who submitted claims that were either duplicates or not within the Settlement Class Period.

It is important to note that each of the Claimants who submitted claims that were deemed ineligible or undocumented has been contacted by the Claims Administrator. In addition, each of these Claimants has also been informed that the Claims Administrator will recommend that the claim at issue will be rejected. None of these Claimants has objected to or contested this determination. Rosenbaum Declaration, ¶9.

## VI. CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that the Court approve and enter the Order submitted herewith.

DATED:   September 1, 2004

Kevin J. Yourman
Vahn Alexander
WEISS & YOURMAN

_____/s/_____
Vahn Alexander

10940 Wilshire Boulevard
24th Floor
Los Angeles, CA 90024
(310) 208-2800

*Lead Counsel for the Settlement Class*